This is a suit instituted by the plaintiff, John E. Warren, who seeks to recover from the Police Jury of the Parish of Washington the sum of $649.60 for hauling gravel and road material which, he alleges, was used for the improvement of the public roads in Ward Eight of that Parish. In his petition he avers that the work was done under a contract with Wesley Thomas, member of the Police Jury from that Ward, all in accordance with the custom which has prevailed in the said Parish for doing that kind of work, for a period of more than twenty years.
The amount he claims is represented by five different items, all set out in his petition. Three of them are for truck hire at the rate of $18 per day, the first amounting to the sum of $54, the second $108 and the third $36, making a total of $198. The fourth item is for hauling 123 cubic yards of gravel at .80¢ per yard. This, he had figured at $180.40, but it was admitted, after an error was shown during the trial of the case, that the amount should be $98.40. The last item is also for hauling gravel at .80¢ per cubic yard and the amount totals $343.20.
In his petition plaintiff sets out the manner in which the Police Jury has operated for having this kind of work done, for a period, as he says, of more than twenty years, by allocating funds to each Ward based on the proportionate amount of mileage in the Ward and letting that fund be spent at the discretion and under the supervision of the member of the Police Jury from the particular Ward involved. The member inspected and approved the work and the charges incurred, and after that, the bill was presented to the Finance Committee of the Police Jury for checking over, and if approved by that committee, was ordered paid. He alleges that he performed the work under that arrangement which resulted in a contract between himself and the Police Jury represented by the member from Ward Eight. In the alternative he alleges that if the court should hold that he did not have a valid and enforceable contract, he should be permitted to recover on a quantum meruit.
The defendant first filed an exception of no cause of action based on the ground that recovery could not be had on the alleged contract because if any such contract existed it was unauthorized by the Police Jury itself. This exception was duly argued and submitted and in a written opinion filed by him, the district judge sustained the same to the extent that the plaintiff could not recover on the basis of his alleged contract, but in as much as he had alleged that he had performed the work for which he was seeking remuneration, he could recover on a quantum meruit as he had made his demand on that basis in the alternative. The exception was therefore over-ruled as to the demand presented in the alternative.
The defendant then filed its answer in which it denies generally all the allegations of the plaintiff's petition which in effect was a denial that the work had been done, but it seems to resist payment again principally on the ground that the Police Juror from Ward Eight did not have the authority to have the work performed and therefore the Police Jury was not bound by any arrangement he may have made.
The case went to trial on the issues as thus made and resulted in a judgment in favor of the plaintiff in the sum of $541.20, which means that the district judge allowed all the items sued on except the one for hauling 123 cubic yards of gravel at .80¢ per yard, a total, as already stated, of $98.40.
It seems as though plaintiff, after the defendant had denied the contract and denied that the work had been performed, as alleged, claimed, through his counsel, that defendant was now estopped from making that defense as the contract relied *Page 645 
on, had grown out of a practice so long indulged in by the Police Jury. In other words, the point is that a public body such as a Police Jury, which follows a custom of dealing with others in having certain of its work done, over a long period of years, is estopped, after that time, from claiming immunity because the work was done in a manner that was unauthorized by law. Plaintiff did not file a special plea of estoppel and his failure to do so was made an issue by the defendant. However, under such circumstances as appear in this case, no formal plea of estoppel seems to have been necessary. Estoppel arises under the pleadings as made up. See Keystone Life Ins. Co. v. Schelmmer, 122 La. 280, 47 So. 606.
The district judge cited numerous decisions in support of his holding that the defendant was estopped from denying the contractual relation that had arisen by reason of the long indulged in custom, one of which strikes us as being particularly controlling in this case. We refer to American Disinfecting Co. v. Police Jury of Grant Parish, 10 La.App. 389, 120 So. 135. In that case the court held the Police Jury to a contract for the sale of disinfectants ordered by the Sheriff of the Parish, because, as it appears, it had been recognizing and paying bills under the same circumstances for a period of ten years. The present case appears to us to be far stronger in favor of the plaintiff for two reasons: First, the practice under which the bills were incurred had prevailed for double the period of time and secondly, the work which was done was one related to the functions of the Police Jury, that is the maintenance and repair of the public roads of the Parish as expressly authorized under General Statutes, Sections 3628 and 3654, Rev.St. §§ 3364, 3389, a condition which did not exist with regard to the purchase of disinfectants which was the object of the bill incurred in the cited case.
We find then that we have a question before us which after all resolves itself, more or less, into one of fact and that is whether the work for which the plaintiff claims to be paid was actually performed, and whether the Police Jury had accepted it.
Frankly, in view of the testimony found in the record, we do not see how it can be seriously urged otherwise. The fact is that all of the members of the Police Jury who testified admitted as much and the only reason some seem to have given for the bills not being paid was that in some instances they were presented more than a year after the work had been done and in others, the money allotted for that particular ward had all been absorbed by work done prior to the presentation of the bills. We believe that reasonable explanations have been made to meet both of these points and doubt that they were seriously urged. As a matter of fact, as we read the brief submitted by counsel for defendant before this court, the claims seem to be resisted more on the ground or suggestion of collusion and fraud between the member of the Police Jury from the Eighth Ward and the plaintiff, than on any other, and yet not a word of collusion or fraud is mentioned or even intimated in the pleadings, and as pointed out by counsel for plaintiff, after defendant had been permitted to bring out testimony by which it was evidently intended to show collusion, when plaintiff attempted to cross-examine the witnesses on that point, he was met with an objection which was sustained by the court.
Counsel for defendant also refer to the fact that this plaintiff had been the beneficiary of the greater amount of money that was spent by the Police Jury in Ward Eight, all of which is brought out, no doubt, to strengthen the suggestion of collusion. But all of this was wholly irrelevant and such testimony was clearly inadmissible under the pleadings.
As already stated, the district judge rejected one of the items claimed by the plaintiff on the ground that he was not satisfied with the proof with regard to it. It had to do with hauling 123 cubic yards of gravel on what is called the Sumrall Road, and the Police Jury member, when called to substantiate that claim on behalf of the plaintiff, did not seem to be able to do so. Counsel for plaintiff has answered the appeal asking that the amount claimed be allowed also. We agree with the trial judge that the testimony on that item is not altogether sufficient. Whilst there is proof, as contended by his counsel, that plaintiff did haul the gravel, the item specifically states that it was hauled and placed on a particular road and this, he seems to have been unable to verify. The Police Jury member had a rather crude way of checking up on this work, as he said all of his records were made in little books which he kept, but which he was unable to *Page 646 
produce at the trial. It seems that in dealing with a claim which was being resisted as were all of the claims brought by this plaintiff, that he should have had the proof in hand and been able to support his oral testimony better than he did.
We have concluded that the judgment appealed from is correct. Certainly it is not subject to reversal on the ground of manifest error. For the reasons stated, it is affirmed at the costs of the defendant, appellant herein.